Good morning and may it please the Court, my name is Stephanie Adractis and I represent the petitioner Joseph Rice. A bedrock principle of criminal law is that the defendant shall be judged based on evidence of the elements of the offense and not character or propensity accusations. The most important issue at Rice's trial for murder was whether the murder was prior to trial, Rice's counsel sought to exclude evidence of Rice's prior robbery conviction because counsel was concerned about the potential for unfair prejudice if the jury knew about his prior offense. Trial counsel was prejudicially ineffective because he failed to object to the prosecutor's criminal history exhibits which contained more than 100 pages of inflammatory facts and opinions about Rice and gang members of the same gang. Counsel, assuming we agree with you, where is the prejudice? Your Honor, the prejudice in this case flows from the inflammatory facts in the more than 100 pages of records. For example, the probation officer's record, page 90, includes opinions that in Rice's prior conviction for attempted robbery where he also used a gun, that Rice's conduct was deplorable, that it was planned and sophisticated, that in the officer's opinion, Rice needed to be incarcerated for at least 13 years because he represented such a serious danger to the community. There were numerous other accusations and opinions about Rice that could and must have been misused by the jury to infer that in this case there was premeditation and deliberation prior to the offense. However, the worry that I have, and I guess again we're talking about the prejudice, the California court adjudicated the question of Strickland prejudice on the merits. So it seems to me then that this is EDPA review, and it seems to me that this is EDPA review under 2254 D1. And if it's EDPA review under 2254 D1, then it seems to me that my standard of review is that the claim lacks merit, precludes relief, and I'm quoting Woods v. Etherton, so long as fair-minded jurists could disagree on the correctness of the state court's decision must be so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. Now that's the worry. It's not a matter of are we arguing prejudice, we're arguing are we arguing prejudice that no fair-minded jurist could disagree with. Understood, Your Honor, and in this case the claim that Mr. Rice is a fair-minded jurist, I'm troubled with that. Understood, Your Honor. The reason I'm troubled is we're really talking about premeditation and deliberation. Yes, Your Honor. And as outlined by the California Court of Appeals, who I guess I'd have to say is not a fair-minded jurist if I'm to adopt your position, they said there's enough here. One of the plaintiffs friends got into an argument with Williams on the night in question. Williams, hearing this argument, said that he would handle the business, in other words, saying, I'll take care of that guy who's disagreeing with me, thus threatening that guy. And then the plaintiff thought, I'm never going to let this happen. I'm going to do something myself. Now he didn't say those words, but the words he said were worse than that. It was, fuck that. Yes, Your Honor. So then, after doing that, he stands up from the position he's in, walks over and shoots Williams in the head. Now, I guess I'm... It was being recorded on a video. Yes, and Your Honor, that's not what happened on the video. If you look at the video, there's no walking over, there's no standing up, there's none of those physical actions that the court of appeal unreasonably found had happened. This is a case under either 2254 D-1, an unreasonable application, or 2254 D-2. There's a very unreasonable finding of fact here. The finding of fact being that Mr. Rice's physical actions indicated premeditation when they didn't. Your answer is good, but I'm just saying, when I can see what you can argue about the video, but nonetheless I can also say, why is it that there is not enough time for premeditation deliberation? Your Honor, there's not... Whether or not there was enough time wasn't the issue in this case. Well, then what was it? The issue in this case was whether the properly admitted evidence, whether there was a reasonable likelihood that the jury would have found premeditation and deliberation without this very damaging, very inflammatory evidence. And in order to meet that standard, Rice needs to show only a reasonable probability that at least one juror might have harbored a reasonable doubt as to whether or not he premeditated. We're talking in 2254 D-1 if there would be any judge who would suggest that this is okay. Your Honor, under the Strickland standard, we look for prejudice as to the effect on the jury, whether there's a reasonable probability of an effect on the jury. Here, there... On habeas, we have double deference. We have the Strickland deference, and then we have the EPA deference. And so, that's a very high hurdle for you to overcome in this case. Your Honor, that's only as to counsel's performance. That's as to the performance prong that we have double deference. As to prejudice, we only apply the Strickland standard. There is case law on... That's not in a habeas case? Yes. In this circuit, the court applies the Strickland prejudice standard and not the Brecht 2254 prejudice standard. It amounts to the same thing. Whether there's a reasonable likelihood that at least one juror would have held a reasonable doubt, if one looks at that video, this looks like a spontaneous, unplanned act. Counsel, may I ask you what case authority supports your proposition that in an epic case involving Strickland, there is not double deference? What case are you relying upon? I can supply a 28J letter to the court. No, I'm asking you... You're making the argument right now. So, I'm asking you, what are you basing that... What case are you basing that argument on? Your Honor, after having done several Strickland cases in the 2254 context, I know that I have read this... Then you should have a case, then. Your Honor, I'm happy to submit a letter to the court. We don't need a letter. We need the case. I can supply a case in a letter. The only thing that I'm trying to get to is whether we have double deference or deference. Your Honor, there is a... It seems to me that I've got to say that on this record, you can put in what... You can make your argument about what the video says, and State will make their argument about what the video says. I've got to say there's no fair-minded jurist who would disagree with what happened here. Your Honor, no fair-minded jurist would have found without even acknowledging how inflammatory this information was. The Court of Appeal opinion doesn't even acknowledge that the probation officer called Rice deplorable, said that his prior incident was planned. All these other... The Court of Appeals passed over and decided to do the prejudice prong first. That information does go to prejudice, Your Honor, because the jury read those words. They had all of that improper information in the jury room. And so it is relevant to prejudice if a juror, not knowing that it's improper for them to even consider this information, is told that the person on trial is a deplorable person, someone who planned his prior offense, somebody who should be locked up because they're a danger to the community. No juror could have been immune to that when asked, was this premeditated and deliberated? And it is absolutely improper for them to have considered that evidence in deciding whether there was premeditation. Let me look at this from a different lens. It seems to me that what you're really suggesting is that there was somehow evidence that was in this record that was to a different case or a different issue, and that that evidence was so prejudicial that we can't get to that point. Seems to me that's somewhat like a misjoinder. No, Your Honor, I'm not arguing misjoinder. But I know you're not arguing it. I'm just suggesting that it seems to me that if I look at the misjoinder, if you will, the application of misjoinder, and the rules affecting misjoinder, I wouldn't suggest this was a misjoinder. Well, Your Honor, the information given to the jury went far beyond what would have been done if there was a misjoinder, because it included not only the fact of the conviction, but also all of the improper opinions of the probation department calling Mr. Rice these various names, essentially deplorable, among other things. The California Supreme Court didn't seem to think that there was an overabundance of evidence as to the gang crimes. In fact, they said it was insufficient. There should have been more evidence. The issue that caused the reversal of the gang crimes, the wrong answer was given by a police witness. It's really not relevant to this issue. I know you don't want it to be relevant, but the problem comes that if I have to think about what was let in and I have to think about what the prosecution had to prove in order to prove the gang's criminal street gang or any of the pattern of criminal gang activity or any of that, then I have to think about, well, was this evidence really necessary to get there? And then I look at the California Supreme Court and I say, do they say that it was insufficient? No, there's nobody who said that it was over, there was too much evidence about any one fact. They don't say anything about that. The only thing they say, it's insufficient to convict them on there, and the defendant received, if you will, help by them because of that. So, again, then I'm back over to premedication and deliberation. Your Honor, the issue regarding the reversal of the gang enhancement really doesn't have anything to do with the improper information that was admitted. The improper information is what's in the excerpts of record starting at page 90 where you can read the comments of the probation officer which were supplied to the jury as well as things like Mr. Rice was arrested while he was on parole. Mr. Rice was sent back to prison. There were numerous references in those records to things that the jury should never have been told. Counsel, we understand your argument. You've exceeded your time. Thank you. We'll hear from the State. Good morning, and may it please the Court. What was this prosecutor thinking when he offered all that stuff? Yes, Judge, California Deputy Attorney General Ryan Peek for the warden. Judge, in California, for the gang enhancement and for the substantive gang offense, the people are required to prove a pattern of criminal gang activity. Right, but they put in a probation report with hearsay, with opinions of the probation officer. I mean, what was going through their heads? So I think that probably what happened is that it was an oversight and that there is a good argument to be made that the narrative portion of the probation report that contains sentencing considerations on the prior offense, and that's sort of where this deplorable language is coming from, ought probably to have been redacted. The probation report itself in California is part of the record of conviction and so properly could have been put before the jury to prove up the prior. But again, I think it is likely that had an objection been made, you would have seen either redactions in the documents that were offered or you would have seen a limiting instruction or even maybe some different documents. Doesn't that prove what counsel is arguing? It doesn't, Judge, because the California Court of Appeal assumes deficient performance and skips right to prejudice. And the fact is that you've now had the California Court of Appeal deny Rice relief on the ground of insufficient prejudice. You've had the California Supreme Court deny review. And now you've had the district court deny Rice relief for the same reason. And the fact is that the whole premise of Rice's argument is that the evidence of premeditation deliberation is weak because that was essentially the contested issue. So Rice says, well, if the evidence is weak, then of course it's an unreasonable decision by the California Court of Appeal. But the fact is that's not so. First of all, under California law, a point-blank shooting with no signs of provocation or a struggle will support premeditated first-degree murder. Well, you have Rice on video shooting somebody in the head. It could support it. Correct, could support it. Not necessarily would. Not necessarily would, but could. In addition to that, you have Rice's own statement. Now, this debate about what the video actually shows, this comes from Rice's statement. And to the extent that the video is inconsistent with Rice's statement, I actually think that hurts rather than helps him because what it means is that he's adding steps mentally. So his statement is that he hears the person who Williams is arguing with. Williams is the victim. He hears that person claim to being a gang. Rice's response to this is to think, F that. And then in Rice's words, Rice says he walked over to Williams. Well, if you have an opportunity to review the video, you'll see that they're sort of on a patio milling around. And at various times, Williams' back is to Rice, and they don't really appear to be engaging with each other. But in fairness, they're also not especially far away from each other. Well, if Rice is saying he walked over to the victim before he shot him, he's adding mental steps. I mean, that really tells us that he hears the guy claim a gang. He doesn't like it. And as he's walking over, he's reflecting on what he's going to do. And, of course, in the video, you see the very next thing he does is raise his arm up, point it to the man's head, pull the trigger, and then walk away. And it's interesting also because after the shooting is done, Rice doesn't really do much. He doesn't panic. He doesn't freeze. You see him sort of disappear in this crowd in a very cold way, and that is very strong evidence of premeditation and deliberation. The only other thing I'll say is that in some form, and this goes to the question you asked, Judge Corman, this evidence would have come in in some form. All of it? No, not all of it. But in some form, a lot of it would. The prior conviction would have come in. The prior convictions for the fellow gang members would have come in. A lot of this type of evidence would have come in and was properly admitted. And so I really don't think that Rice has carried his burden, certainly not on Edpa review, to show that the California Court of Appeals decision was unreasonable. Do you agree with opposing counsel that the double deference for Strickland and Eppa doesn't apply in this case? Judge, I don't have a case for you this morning. My understanding is that you get double deference on deficient performance because we defer to counsel's tactical considerations, and then on Edpa review, we defer to the state court's determination of whether or not those tactical considerations were reasonable. And so that's where you get the double deference. In this case, the California Court of Appeals doesn't consider the tactical performance or the tactical decisions because it skips right to prejudice. Okay, so if it's a prejudice case, you think there isn't the double deference? Correct. I believe that this court should defer to the prejudice consideration, but there's not a second layer there. Okay. So in conclusion, I think the Court of Appeals got it right. I think the California Supreme Court got it right. I think it's pure speculation, this notion, that the jurors relied on the assertively inadmissible evidence instead of the very, very strong evidence of premeditation and deliberation. I think the district court got it right, and I'd ask this court to affirm. And if there are no further questions, I'll submit. I have no other questions. Thank you, counsel. Thank you very much. We'll give you one minute for rebuttal, counsel. Thank you, Your Honor. In this case, I disagree that the jury would have received all this information even if counsel had objected. Number one, counsel stipulated to— He didn't say all. He said some. Some, and very little. As there's cases cited in my brief under California law, what's admissible is an abstract of judgment, those basic documents, not these long narrative records that were given to the jury with inadmissible opinions. Also, counsel argues there's strong evidence of premeditation and deliberation, but his argument is based on after-the-fact statements by Mr. Rice, and the issue before the jury was whether he thought about it beforehand. Rice is making inaccurate statements about what he did. You could say things after the fact, which are what you did before. Certainly. The state of mind of what you did before the fact. That's true, Your Honor, but Rice never said, oh, I thought about it or I considered this. The standard in California is very strict. It says that the defendant, in order to deliberate— Oh, the thing that was worrisome is that you were suggesting that there was nothing to the idea that he stood up and walked over because I should look at the video and you can't find it happening. I didn't want to call you on the carpet about it, but it seemed to me that your client's statements about what happened, if it's not in the video, which I think you have to take your interpretation of that, makes what you're arguing a little bit suspicious. Well, Your Honor, Mr. Rice contested that he even made that statement. There was no recording or written statement, and in fact, as Mr. Rice himself pointed out in the district court, the detective who said that Rice said that he walked over later in the trial gave a different statement that didn't include the walking over. That was all for the jury to decide. I understand that, Your Honor, but if one resorts to the objective evidence, it's clear that he didn't. If one looks at the videotape, there is no walking over to the victim. There is simply Mr. Rice standing there and very suddenly raising his arm and shooting the victim. The evidence before the jury, therefore, was very weak as to premeditation. There is no indication that Mr. Rice thought about this beforehand, that he weighed the considerations for and against committing the crime that he decided, made this conscious decision after reflection to kill. And so a jury that had not received all of these very damaging opinions about him and the facts about his record that were inadmissible, at least one juror would have harbored a reasonable doubt as to whether this was a premeditated, deliberated murder. All right. Thank you, counsel. Thank you. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Rawlinson, N.R. Smith, Korman